**UNITED STATES, Appellee,**

v.

**Frederick L. CLIFTON, Private,
U.S. Army, Appellant.**

No. 67,010.

CM 9001061.

U.S. Court of Military Appeals.

Argued May 6, 1992.

Decided Aug. 28, 1992.

For Appellant: *Jonathan P. Tomes* (argued); *Marc Kadish* (on brief); *Kevin Lucey* and *Martha A. Niles* (law students).

For Appellee: *Captain Donna L. Barlett* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

In February and March 1990, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Carson, Colorado. Contrary to his pleas, appellant was convicted of rape and burglary, in violation of Articles 120 and 129, Uniform Code of Military Justice, 10 USC §§ 920 and 929,. respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 3 years, total forfeitures, and reduction to Private E1. The convening authority approved the adjudged sentence. On May 2, 1991, the Court of Military Review affirmed the findings and sentence in an unpublished opinion.

This Court granted review on December 2, 1991, on the following issues:

I

WHETHER THE U.S. ARMY COURT OF MILITARY REVIEW FAILED TO ADEQUATELY ADDRESS THE LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE IN A CASE WHICH WAS LITTLE MORE THAN A SWEARING CONTEST.

II

WHETHER THE U.S. ARMY COURT OF MILITARY REVIEW'S CONCLUSORY OPINION DENIED APPELLANT MILITARY DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL, BY FAILING TO SPECIFY WHY THE EVIDENCE OF RECORD WAS LEGALLY AND FACTUALLY SUFFICIENT

TO UPHOLD APPELLANT'S CONVICTION SO AS TO AFFORD HIM A BASIS FOR FURTHER APPELLATE REVIEW.

### FACTS

As is frequently the situation in a case of alleged rape where there are neither eyewitnesses nor overt or obvious, readily discernible physical injuries to the victim, the evidence consists of the testimony of the victim and the accused. Not surprisingly, their accounts are often contradictory on various salient points including the issue of consent. Such was the case here.

The facts asserted by the government witnesses are as follows. On the evening of November 18, 1989, appellant and his victim, Private E1 (PV1) D, socialized with several other soldiers at a dance club. PV1 D danced with appellant, but did not kiss or flirt with him and rebuffed the advances he made towards her. Around 0200 hours the next morning, appellant and several others returned to his barracks room for a nightcap. Because PV1 D's roommate fell asleep in appellant's room, appellant went across the hall to PV1 D's room looking for a place to sleep. He remained while PV1 D slept until he and PV1 D's roommate were both told by the Charge of Quarters to return to their own rooms.

On the afternoon of November 19, 1989, PV1 D went to a barracks room and began drinking heavily with several friends. They drank until 1400 hours, consuming at least one and one-half bottles of Jack Daniels. Around 1500 hours, PV1 D returned to her own room, vomited, changed into a T-shirt and underwear, and went to bed.

Sometime later, around 1800 hours, while PV1 D slept, appellant entered her room without her authority or knowledge. PV1 D awoke to find appellant raping her. Upon awakening, she told appellant she didn't want to have sex with him. Yet appellant persisted, saying, "You don't want me to stop." Appellant continued to persist until PV1 D was finally able to push him away; appellant did not ejaculate. As appellant retreated PV1 D threw something at him and told him to get out. Appellant then hastily dressed and departed the room, leaving behind his brown underwear. PV1 D showered and immediately thereafter reported the incident to her friends and military authorities.

Appellant first claimed but later denied he had entered PV1 D's room with her roommate's permission. Both PV1 D and her roommate denied giving appellant permission to enter their room on the occasion in question. Appellant explained his actions to a staff sergeant stating first that he and the victim had "made love," but then changed his claim to, "Nah, we had sex."

The facts asserted by appellant are as follows. On the evening of November 18, 1989, at the dance club, PV1 D and appellant danced most of the dances together. PV1 D had her arms around appellant's waist while they watched a game of pool, and PV1 D was draped over appellant most of the evening. Upon returning to their quarters, PV1 D's roommate fell asleep in appellant's room and appellant went to PV1 D's room to sleep. Appellant testified that they slept in the same bed.

Appellant concurs that the next day PV1 D was drinking with friends, went to her room, vomited, and went to bed. Appellant asserts, however, that PV1 D may have been naked from the waist up rather than clad in a T-shirt. Appellant also asserts PV1 D's roommate asked people to go up to her room to check on her. When appellant went up to check on PV1 D, he entered the room and tapped her on the shoulder, and she responded "yes" and went back to sleep. Appellant tapped her on the shoulder a second time and appellant asserts that PV1 D responded by putting her arms around his neck and kissing him. PV1 D appeared to be nude. After a period of kissing each other on the shoulders, neck, face, and chest areas, appellant removed his clothes and got into bed with PV1 D who resumed kissing and fondling his thighs, penis, shoulders, and waist. Appellant also fondled PV1 D, including her crotch. Upon finding her crotch area to be wet, appellant and PV1 D engaged in consensual sexual intercourse; appellant did not ejaculate because he wasn't sure

whether PV1 D was using any form of contraception. Following the intercourse, appellant claims PV1 D ordered him to leave her room. He says that because her room was dark, he was unable to find his underwear.

PV1 D was taken to the emergency room after she reported being raped. No evidence of pelvic trauma was found; the only marks on her body were a "hickey" on her right breast and a minor abrasion on her wrist approximately where a wristwatch is worn. No semen was found on PV1 D's vaginal swabs, clothes, or bed sheets. The only evidence of sexual intercourse was the presence of both PV1 D's and appellant's pubic hairs.

## DISCUSSION

The court below affirmed appellant's conviction in a "Memorandum Opinion." The court decided three issues. First, applying the appropriate standards of review, the court held the evidence was legally and factually sufficient to support findings of guilty of the charged offenses. Second, applying the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Scott*, 24 MJ 186 (CMA 1987), the court rejected appellant's claim of ineffective assistance of counsel raised pursuant to *United States v. Grostefon*, 12 MJ 431 (CMA 1982). Third, the court held that the assertions of error made by appellant's mother during a post-trial Article 39(a)[1] session and the remaining assertions of error raised by appellant pursuant to *Grostefon* lacked merit.

Turning to the granted issues, appellant complains that the opinion below inadequately dealt with the evidence which consisted of little more than a swearing contest and that disposition of his claim of insufficiency of the evidence by a "Memorandum Opinion" denied him military due process and effective assistance of counsel.

At the heart of appellant's complaint is an attack on the discretion of appellate courts to issue abbreviated opinions. This Court[2] has previously held that courts of military review are not required to specifically address in writing all assignments of error, so long as the written opinion notes that the judges had considered the assignments of error and found them to be without merit. *United States v. Matias*, 25 MJ 356, 361 (CMA 1987), *cert. denied*, 485 U.S. 968, 108 S.Ct. 1242, 99 L.Ed.2d 441 (1988). Based upon our reading of *Matias* and the opinion below, we hold that the Court of Military Review adequately addressed the legal and factual sufficiency of the evidence and that appellant was not denied military due process and effective assistance of counsel.

As is the case with other federal and state appellate courts, certain case decisions are published and others are not; and certain case opinions are lengthy and others are short.[3] Appellant cites several examples of cases where courts of military review have undertaken a detailed analysis of the legal and factual sufficiency of the evidence. Authority exists, however, for use of unpublished, informal summaries which might be a one-sentence adoption of the ruling of the District Court, and use of such is well-detailed in *Furman v. United*

1. Uniform Code of Military Justice, 10 USC § 839(a).

2. This Court issues summary dispositions of cases. *See, e.g.*, 34 MJ 71 (1991).

3. Oregon will affirm cases from the bench. 822 P.2d 762 (1991). Some courts will dispose of cases without opinion. Fla.App.—591 So.2d 1155 (1992); Mass.App.—580 N.E.2d 750 (1991); Mo.App.—814 S.W.2d 22 (1991); Miss.—591 So.2d 437 (1992); ND—479 N.W.2d 146 (1991); Ore.App.—822 P.2d 762 (1991).

Other courts will dispose of cases with unpublished memorandum decisions. Ala. Cr.App.—591 So.2d 157 (1991); Del.—599 A.2d 411 (1991); Ill.App.—580 N.E.2d 201, 202 (1990); Ind.App.—585 N.E.2d 312 (1992); Pa.Super.—599 A.2d 697 (1991); Vt.—599 A.2d 369 (1991).

The New York Court of Appeals disposes of cases with a published memorandum opinion. 78 N.Y.2d 998, 575 N.Y.S.2d 268, 580 N.E.2d 754 (1991).

South Carolina only lists summary dispositions in the Clerk's Advance Sheets.

*States,* 720 F.2d 263 (2d Cir.1983). *See* Appendix I. The determination whether to publish and how much to write is largely made by the judges assigned to the case, often with the guidance of internal court rules published for the information and guidance of persons having business with the court.

The Army Court of Military Review, in Chapter 11 of its Internal Operating Procedures [hereinafter ACMR IOP], describes the types of opinions issued by the court and the reporting criteria of the court.[4] The types of opinions include: Opinions of the Court (reported opinions); Memorandum Opinions (usually unreported opinions); and Decisions (affirmances without opinions-often referred to as short-form opinions).

Under Chapter 11 of the ACMR IOP, the reporting of opinions in West's Military Justice Reporter is limited to a case which:

(1) Establishes, alters, limits, expands, or criticizes a substantive or procedural rule or form of remedy;

(2) Applies an established rule to facts significantly different from those involved in previously reported decisions;

(3) Resolves a conflict between decisions of the Court;

(4) Conflicts with a published decision of another service Court of Military Review;

(5) Contributes to military legal scholarship, such as by historical analysis of a rule or analysis of the legislative history of a provision of law or regulation;

(6) Calls attention to a rule of law or procedure apparently being overlooked or misinterpreted in more than one Army court-martial jurisdiction or judicial circuit; or

(7) Involves a matter of continuing military professional or public interest.

ACMR IOP at 11–1. In addition to these seven criteria, "[a] recommendation for or against reporting is made by the author judge of the majority ... opinion and is voted on by each judge participating in the decision." A final determination is made

by the Chief Judge. Further, there is a procedure for any judge to request reconsideration of a reporting determination. *Id.* at 11–2. Hence, procedural safeguards are built into the publication determinations of the Army Court of Military Review. *See* Appendix II.

In addition to these procedural safeguards, we note that in this particular case, the opinion was published *per curiam,* meaning that all participating judges concurred in the opinion.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.

## APPENDIX I

### RULES OF COURTS OF APPEALS

**Rule 14. Opinions of the Court [D.C.Cir.]**

(a) Policy. It is the policy of this Court to publish opinions and explanatory memoranda found to have general public interest.

(b) Published Opinions. An opinion, memorandum, or other statement explaining the basis for this Court's action in issuing an order or judgment shall be published if it meets one or more of the following criteria:

(1) with regard to a substantial issue it resolves, it is a case of first impression or the first case to present the issue in this Court;

(3) it calls attention to an existing rule of law that appears to have been generally overlooked;

(4) it criticizes or questions existing law;

(5) it resolves an apparent conflict in decisions within the circuit or creates a conflict with another circuit;

(6) it reverses a published agency or district court decision, or affirms a decision of the district court upon grounds different from those set forth in the district court's published opinion; or

---

**4.** The Courts of Military Review of the other services may have IOPs which differ from that of the Army Court of Military Review.

(7) it warrants publication in light of other factors that give it general public interest.

All published opinions of this Court shall be printed, unless otherwise ordered, and shall be rendered by being filed with the clerk.

(c) Abbreviated Dispositions. This Court may, while according full consideration of the issues, dispense with published opinions where the issues occasion no need therefor, and confine its action to such abbreviated disposition as it may deem appropriate, e.g. affirmance by order of a decision or judgment of a court or administrative agency, a judgment of affirmance or reversal, containing a notation of precedents, or accompanied by a brief memorandum. If the parties have agreed to such disposition, they may so state in their briefs or may so stipulate at any time prior to decision. In any such case the Court will promptly issue a judgment unless compelling reasons otherwise dictate.

(d) Unpublished Opinions. An opinion, memorandum or other statement explaining the basis for this Court's action in issuing an order or judgment under subsection (c) above, which does not satisfy any of the criteria for publication set out in subsection (b) above, shall nonetheless be circulated prior to issuance to all judges on the Court. A copy of each such unpublished opinion, memorandum or statement shall be retained as part of the case file in the clerk's office and shall be publicly available on the same basis as any published opinion.

(e) Motions to Publish. Any person may, by motion made within thirty days after judgment or, if a timely motion for rehearing is made, within thirty days after action thereon, request that an unpublished opinion be published. Motions filed out of time shall not be considered unless good cause is shown. Motions for publication shall be based upon one or more of the criteria listed in subsection (b) such motions are not favored and will be granted only for compelling reasons.

(Amended Jan. 27, 1988.)

## Rule 36.1. Opinions [1st Cir.]

The volume of filings is such that the court cannot dispose of each case by opinion. Rather, it makes a choice, reasonably accommodated to the particular case, whether to use an order, memorandum and order, or opinion. An opinion is used when the decision calls for more than summary explanation. However, in the interests both of expedition in the particular case, and of saving time and effort in research on the part of future litigants, some opinions are rendered in unpublished form; that is, the opinions are directed to the parties but are not otherwise published, and may not be cited in unrelated cases. As indicated in Local Rule 36.2, the court's policy, when opinions are used, is to prefer that they be published, but in limited situations, described in Local Rule 36.2, where opinions are likely not to break new legal ground or contribute otherwise to legal development, they are issued in unpublished form.

## Rule 36.2 Publication of Opinions

The Judicial Council of the First Circuit, pursuant to resolution of the Judicial Conference of the United States, hereby adopts the following plan for the publication of opinions of the United States Court of Appeals for the First Circuit.

(a) Statement of policy. In general, the court thinks it desirable that opinions be published and thus be available for citation. The policy may be overcome in some situations where an opinion does not articulate a new rule of law, modify an established rule, apply an established rule to novel facts or serve otherwise as a significant guide to future litigants. (Most opinions dealing with claims for benefits under the Social Security Act, 42 U.S.C. § 205(g), will clearly fall within the exception.)

(b) Manner of implementation.

1. As members of a panel prepare for argument, they shall give thought to the appropriate mode of disposition (order, memorandum and order, unpublished opinion, published opinion). At conference the mode of disposition shall be

discussed and, if feasible, agreed upon. Any agreement reached may be altered in the light of further research and reflection.

2. With respect to cases decided by a unanimous panel with a single opinion, if the writer recommends that the opinion not be published, the writer shall to state in the cover letter accompanying the draft. After an exchange of views, should any judge remain of the view that the opinion should be published, it shall be.

3. When a panel decides a case with a dissent, or with more than one opinion, the opinion or opinions shall be published unless all the participating judges decide against publication. In any case decided by the court in banc the opinion or opinions shall be published.

4. Any party or other interested person may apply for good cause shown to the court for publication of an unpublished opinion.

5. If a District Court opinion in a case has been published, the order of court upon review shall be published even if when the court does not publish an opinion.

6. Unpublished opinions may be cited only in related cases. Only published opinions may be cited otherwise.

7. Periodically the court shall conduct a review in an effort to improve its publication policy and implementation.

## § 0.23. Dispositions in Open Court or by Summary Order: [2d Cir.]

The demands of an expanding caseload require the court to be ever conscious of the need to utilize judicial time effectively. Accordingly, in those cases in which decision is unanimous and each judge of the panel believes that no jurisprudential purpose would be served by a written opinion, disposition will be made in open court or by summary order.

Where a decision is rendered from the bench, the court may deliver a brief oral statement, the record of which is available to counsel upon request and payment of transcription charges. Where disposition is by summary order, the court may append a brief written statement to that order. Since these statements do not constitute formal opinions of the court and are unreported and not uniformly available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court.

## Rule 18. Publication of Opinions [4th Cir.]

(a) Criteria for Publication. An opinion shall not be published unless it meets one of the following standards for publication:

(i) It establishes, alters, modifies, clarifies, or explains a rule of law within this circuit; or

(ii) It involves a legal issue of continuing public interest; or

(iii) It criticizes existing law; or

(iv) It contains an historical review of a legal rule that is not duplicative; or

(v) It resolves a conflict between panels of this court, or creates a conflict with a decision in another circuit; or

(vi) It is in a case in which there is a published opinion below.

(b) Publication Decision. An opinion will be published only if its author or a majority of the judges joining the opinion believe that it meets one or more of the standards for publication.

(c) Unpublished Dispositions. (i) Cases disposed of without a published opinion shall be listed periodically in the Federal Reporter by title, docket number, date, district or agency from which they came and an indication of the nature of the disposition.

(ii) Copies of unpublished dispositions shall be sent only to the trial court or agency in which the case originated, to counsel for all parties in the case and to litigants not represented by counsel. A copy shall be retained in the file of the case in the clerk's office and shall be available to anyone on the same basis as any other opinion.

If anyone wishes to receive copies of all unpublished opinions, they may be obtained on a subscription basis upon the payment of a reasonable fee to be fixed from time to time by the Judicial Council.

(d) Citation of Unpublished Dispositions. (i) in the absence of unusual circumstances, this court will not cite an unpublished disposition in any of its published opinions or unpublished dispositions.

> (ii) Citation of unpublished dispositions by counsel in briefs and oral arguments in this court and in the district courts within this circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. (iii) If counsel believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well, such disposition may be cited if counsel serves a copy thereof on all other parties in the case and on the court. Such service may be accomplished by including a copy of the disposition in an appendix to the brief.

47.5. Publication of opinions. 47.5.1 Criteria for publication. The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession. However, opinions that may in any way interest persons other than the parties to a case should be published. Therefore, an opinion will be published if it: [5th Cir.]

> establishes a new rule of law, alters, or modifies an existing rule of law, or calls attention to an existing rule of law that appears to have been generally overlooked;
> applies an established rule of law to facts significantly different from those in previous published opinions applying the rule;
> explains, criticizes, or reviews the history of existing decisional or enacted law;

creates or resolves a conflict of authority either within the circuit or between this circuit and another;
concerns or discusses a factual or legal issue of significant public interest;
is rendered a case that has previously been reviewed and its merits addressed by an opinion of the United States Supreme Court.

An opinion may also be published if it:
is accompanied by a concurring or dissenting opinion;
reverses the decision below or affirms it upon different grounds.

47.5.2. *Publication decision.* An opinion shall be published unless each member of the panel deciding the case determines that its publication is neither required nor justified under the criteria for publication. The panel shall reconsider its decision not to publish an opinion upon the request of any judge of the court or any party to the case. The opinion shall then be published if, upon reconsideration, each member of the panel determines that it meets one or more of the criteria for publication or should be published for any other good reason.

47.5.3. *Unpublished opinions.* Unpublished opinions are precedent. However, because every opinion believed to have precedential value is published, an unpublished opinion should normally be cited only when it (1) establishes the law of the case, (2) is relied upon as a basis for res judicata or collateral estoppel, or (3) involves related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.

47.6. *Affirmance without opinion.* When the Court determines that any one or more of the following circumstances exists and is dispositive of a matter submitted to the Court for decision: (1) that a judgment of the District Court is based on findings of fact which are not clearly erroneous, (2) that the evidence in support of a jury verdict is not insufficient, (3) that the order of an administrative agency is supported by substantial evidence on the record as a whole, or (4) in the case of a summary judgment, that no genuine issue of materi-

al fact has been properly raised by the appellant, and the Court also determines that no error of law appears and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

In such case, the Court may in its discretion enter either of the following orders: "AFFIRMED. See Loc.R. 47.6." or "ENFORCED. See Loc.R. 47.6."

*See N.L.R.B. v. Amalgamated Clothing Workers of America,* 5th Cir. 1970, 430 F.2d 966.

**Rule 24. Publication of Decisions** [6th Cir.]

(a) Criteria for publication. The following criteria shall be considered by panels in determining whether decisions will be designated for publication in the Federal Reporter:

i) whether it establishes a new rule of law, or alters or modifies an existing rule of law, or applies an established rule to a novel fact situation;

ii) whether it creates or resolves a conflict of authority either within the circuit or between this circuit and another;

iii) whether it discusses a legal or factual issue of continuing public interest;

iv) whether it is accompanied by a concurring or dissenting opinion;

v) whether it reverses the decision below, unless:

(a) the reversal is caused by an intervening change in law or fact, or,

(b) the reversal is a remand (without further comment) to the district court of a case reversed or remanded by the Supreme Court;

vi) whether it addresses a lower court or administrative agency decision that has been published; or, vii) whether it is a decision which has been reviewed by the United States Supreme Court.

(b) Designation for publication. There shall be a presumption in favor of publication of signed and per curiam opinions. A signed opinion is one in which the author's name appears at the beginning of the opinion. Such opinions shall be designated for publication unless a majority of the panel deciding the case determines otherwise upon consideration of the foregoing criteria. An order shall not be designated for publication unless a member of the panel so requests.

(b) Designation for publication. There shall be a presumption in favor of publication of signed and per curiam opinions. A signed opinion is one in which the author's name appears at the beginning of the opinion. Such opinions shall be designated for publication unless a majority of the panel deciding the case determines otherwise upon consideration of the foregoing criteria. An order shall not be designated for publication unless a member of the panel so requests.

(c) Citation of unpublished decisions. Citation of unpublished decisions by counsel in briefs and oral arguments in this court and in the district courts within this circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case.

If counsel believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well, such decision may be cited if counsel serves a copy thereof on all other parties in the case and on the court. Such service may be accomplished by including a copy of the decision in an addendum to the brief.

### ARTICLE III. PUBLICATION RULE [7th Cir.]

**Rule 35. Plan for Publication of Opinions of the Seventh Circuit Promulgated pursuant to Resolution of the Judicial Conference of the United States**

(a) **Policy.** It is the policy of this circuit to reduce the proliferation of published opinions.

(b) **Publication.** The Court may dispose of an appeal by an order or by an opinion, which may be signed or per curiam. Orders shall not be published and opinions shall be published.

(1) "Published" or "publication" means:

(i) Printing the opinion as a slip opinion:

(ii) Distributing the printed slip opinion to all federal judges within the circuit, legal publishing companies, libraries and other regular subscribers, interested United States attorneys, departments and agencies, and the news media;

(iii) Permitting publication by legal publishing companies as they see fit; and

(iv) Unlimited citation as precedent.

(2) Unpublished orders:

(i) Shall be typewritten and reproduced by copying machine:

(ii) Shall be distributed only to the circuit judges, counsel for the parties in the case, the lower court judge or agency in the case, and the news media, and shall be available to the public on the same basis as any other pleading in the case;

(iii) Shall be available for listing periodically in the Federal Reporter showing only title, docket number, date, district or agency appealed from with citation of prior opinion (if reported) and the judgment or operative words of the order, such as "affirmed," "enforced," "reversed," "reversed and remanded," and so forth;

(iv) Except to support a claim of *res judicata*, collateral estoppel or law of the case, shall not be cited or used as precedent (a) in any federal court within the circuit in any written document or in oral argument or (b) by any such court for any purpose.

**(c) Guidelines for Method of Disposition.**

(1) Published opinions.

A published opinion will be filed when the decision

(i) establishes a new, or changes an existing, rule of law;

(ii) involves an issue of continuing public interest;

(iii) criticizes or questions existing law;

(iv) constitutes a significant and non-duplicative contribution to legal literature

(A) by a historical review of law,

(B) by describing legislative history, or

(C) by resolving or creating a conflict in the law;

(v) reverses a judgment or denies enforcement of an order when the lower court or agency has published an opinion supporting the judgment or order; or

(vi) is pursuant to an order of remand from the Supreme Court and is not rendered merely in ministerial obedience to specific directions of that Court.

(2) Unpublished orders.

When the decision does not satisfy the criteria for publication, as stated above, it will be filed as an unpublished order. The order will ordinarily contain reasons for the judgment, but may not do so if the court has announced its decision and reasons from the bench. A statement of facts may be omitted from the order or may not be complete or detailed.

**(d) Determination of Whether Disposition is to be by Order or Opinion.**

(1) The determination to dispose of an appeal by unpublished order shall be made by a majority of the panel rendering the decision.

(2) The requirement of a majority represents the policy of this circuit. Notwithstanding the right of a single federal judge to make an opinion available for publication, it is expected that a single judge will ordinarily respect and abide by the opinion of the majority in determining whether to publish.

(3) Any person may request by motion that a decision by unpublished order be issued as a published opinion. The request should state the reasons why the publication would be consistent with the guidelines for method of disposition set forth in this rule.

(Amended effective Apr. 1, 1979)

## PLAN FOR PUBLICATION OF OPINIONS [8th Cir.]

The Judicial Council of the Eighth Circuit, pursuant to a resolution of the Judicial Conference of the United States, hereby adopts the following plan for the preparation and publication of opinions of the United States Court of Appeals for the Eighth Circuit.

1. It is unnecessary for the Court to writ an opinion in every case or to publish every opinion written. The disposition without opinion or the nonpublication of an opinion does not mean that the case is considered unimportant. It does mean that an opinion in the case will not add to the body of law and will not have value as precedent.

2. An opinion will not be written in cases disposed of under Local Rule 14.

3. The Court or a panel will determine which of its opinions are to be published, except that a judge may make any of his opinions available for publication. The decision on publication of an opinion will ordinarily be made prior to its preparation. The direction as to publication will appear on the face of the opinion. Unpublished opinions, since they are unreported and not uniformly available to all parties, may not be cited or otherwise used in any proceedings before this "court or any district court in this circuit" except when the cases are related by virtue of an identity between the parties or the causes of action.

4. An opinion should be published when the case or opinion:

(a) establishes a new rule of law or questions or changes an existing rule of law in this Circuit.

(b) is a new interpretation of or conflicts with a decision of a federal or state appellate court,

(c) applies an established rule of law to a factual situation significantly different from that in published opinions,

(d) involves a legal or factual issue of continuing or unusual public or legal interest,

(e) does not accept the rationale of a previously published opinion in that case, or

(f) is a significant contribution to legal literature through historical review or resolution of an apparent conflict.

(Adopted Jan. 11, 1973; Nov. 1, 1978)

## Rule 36–1. Opinions, Memoranda, Orders; Publication [9th Cir.]

Each written disposition of a matter before this Court shall bear under the number in the caption the designation OPINION, or MEMORANDUM, or ORDER. A written, reasoned disposition of a case or motion which is designated as an opinion under Circuit Rule 36–2 is an OPINION of the Court. It may be an authored opinion or a per curiam opinion. A written, reasoned disposition of a case or a motion which is not intended for publication under Circuit Rule 36–2 is a MEMORANDUM. Any other disposition of a matter before the Court in an ORDER. A memorandum or order shall not identify its author, nor shall it be designated "Per Curiam."

All opinions are published; no memoranda are published; orders are not published except by order of the court. As used in this rule, the term PUBLICATION means to make a disposition available to legal publishing companies to be reported and cited.

## Rule 36–2. Criteria for Publication

A written, reasoned disposition shall be designated as an OPINION only if it:

(a) Establishes, alters, modifies or clarifies a rule of law, or

(b) Calls attention to a rule of law which appears to have been generally overlooked, or

(c) Criticizes existing law, or

(d) Involves a legal or factual issue of unique interest or substantial public importance, or

(e) Is a disposition of a case in which there is a published opinion by a lower court or administrative agency, unless the panel determines that publication is

unnecessary for clarifying the panel's disposition of the case, or

(f) Is a disposition of a case following a reversal or remand by the United States Supreme Court, or

(g) Is accompanied by a separate concurring or dissenting expression, and the author of such separate expression requests publication of the disposition of the Court and the separate expression.

**Rule 36–3. Other Disposition**

Any disposition that is not an opinion or an order designated for publication under Circuit Rule 36–5 shall not be regarded as precedent and shall not be cited to or by this Court or any district court of the Ninth Circuit, either in briefs, oral argument, opinions, memoranda, or orders, except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

\*　　\*　　\*

**Rule 36–6. Periodic Notice to Publishing Companies**

A list of all cases that have been decided by written unpublished disposition will be made available periodically to legal publishing companies for notation in its reports. The list shall set forth concluding disposition in each case, such as, "Affirmed," "Reversed," "Dismissed," or "Enforced."

**Rule 36. Entry of Judgment (Opinions/Orders and Judgments) [10th Cir.]**

36.1 Orders and Judgments. It is unnecessary for the court to write opinions in every case. The court may, in its discretion and without written opinion, enter either an order, "Affirmed," or an order and judgment disposing of the appeal or petition. Disposition without opinion does not mean that the case is considered unimportant. It does mean that the panel believes the case involves application of no new points of law that would make the decision of value as a precedent.

36.2 Publication. When an opinion has been previously published by a district court, an administrative agency, or the United States Tax Court, this court will ordinarily designate its disposition for publication. If a panel has written an order

and judgment which would ordinarily not be published, the court will designate for publication only the result of the appeal.

36.3 Citation of Unpublished Opinions/Orders and Judgments. Unpublished opinions and orders and judgments of this court have no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. A dissent from this rule by Chief Judge Holloway, Judges Barrett, and Baldock, appears at U.S. Court of Appeals, 10th Circuit, Rules, App. III, 28 U.S.C.A. (West Supp. 1988).

**Rule 36–1. Affirmance Without Opinion [11th Cir.]**

When the court determines that any of the following circumstances exist:

(a) judgment of the district court is based on findings of fact that are not clearly erroneous;

(b) the evidence in support of a jury verdict is sufficient;

(c) the order of an administrative agency is supported by substantial evidence on the record as a whole;

(d) summary judgment, directed verdict, or judgment on the pleadings is supported by the record;

(e) judgment has been entered without an error of law;

and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

[Seal]

APPENDIX II

DEPARTMENT OF THE ARMY
UNITED STATES ARMY JUDICIARY
NASSIF BUILDING
FALLS CHURCH, VIRGINIA 22041

CHANGE 1

31 July 1986

INTERNAL OPERATING PROCEDURES
UNITED STATES ARMY COURT OF
MILITARY REVIEW

This change completes the Internal Operating Procedures by promulgating two ad-

ditional chapters. Chapter Thirteen (added) covers dissemination of opinions, reporting ethical violations, correcting and preserving original records of trial, certifying cases to the Court of Military Appeals, and withdrawing cases from appellate review. Chapter Fourteen (added) sets forth panel statistical reporting requirements. Some of the forms to be used have been revised.

In addition, Chapter Six, pertaining to Government appeals, has been rewritten due to a recent change in Rule 21 of the Courts of Military Review Rules of Practice and Procedure. The attached revised pages of the Table of Contents and Chapter Six should be substituted for the similar pages of the original volume.

Suggestions for improving these Internal Operating Procedures are always welcome. They should be addressed to the Clerk of Court, U.S. Army Judiciary.

> (s) Dulaney L. O'Roark, Jr.
> Dulaney L. O'Roark, Jr.
> Brigadier General, USA
> Chief Judge

Attachments
  Revised pages ii, iii, iv
  Revised Chapter Six
  Added Chapter Thirteen
  Added Chapter Fourteen
[Seal]
[Seal]

DEPARTMENT OF THE ARMY
UNITED STATES ARMY COURT OF
MILITARY REVIEW
5611 COLUMBIA PIKE
FALLS CHURCH, VIRGINIA 22041

30 July 1985

INTERNAL OPERATING PROCEDURES
UNITED STATES ARMY COURT OF
MILITARY REVIEW

These Internal Operating Procedures are published for the information and guidance of all persons having business with the Court as well as for the personnel of the Court and the United States Army Judiciary. Provisions pertaining to admission to the Bar and pleading and practice before the Court are rules of court and are issued pursuant to Rule 26 of the Courts of Military Review Rules of Practice and Procedure.

These Internal Operating Procedures supersede the related provisions of the United States Army Judicial Standing Operating Procedures dated 10 April 1970, including all numbered and unnumbered changes, as well as final draft chapters 1, 2, 3, and 9 of the United States Army Court of Military Review Internal Operating Procedures which were separately placed in effect 25 April 1977 (Chapters 1 and 9), 15 June 1979 (Chapter 2), and 22 June 1979 (Chapter 3).

Suggestions for improvement will be welcome and should be addressed to the Clerk of Court, United States Army Judiciary, Nassif Building, 5611 Columbia Pike, Falls Church, Virginia 22041–5013.

> (s) Willian K. Suter
> William K. Suter
> Brigadier General, USA
> Chief Judge

[Seal]

### CHAPTER ELEVEN

### DECISIONS AND OPINIONS

11–1. *Introduction; Types of Opinions.*

(a) This chapter describes the form, preparation, administrative processing, and distribution of the Court's opinions. It is written for the information and guidance of personnel of the Court and does not contain rules or procedures subject to enforcement by the parties.

(b) The Court's opinions, other than those reflected in orders (see Chapter 10), are of three types: Opinion of the Court (a reported opinion), Memorandum Opinion (usually an unreported opinion), and Decision (an affirmance without opinion; often referred to as a short-form).

(c) Besides the title "Opinion of the Court," "Memorandum Opinion," or "Decision," when the decision represents recon-

sideration of a previous decision or further review of the same case, the title so indicates. See Figure 11–2.

11–2. *Opinions of the Court: Reporting Decisions.*

(a) Ordinarily, the Court causes its opinion to be reported in *West's Military Justice Reporter* when it—

(1) Establishes, alters, limits, expands, or criticizes a substantive or procedural rule or form of remedy;

(2) Applies an established rule to facts significantly different from those involved in previously reported decisions;

(3) Resolves a conflict between decisions of the Court;

(4) Conflicts with a published decision of another service Court of Military Review;

(5) Contributes to military legal scholarship, such as by historical analysis of a rule or analysis of the legislative history of a provision of law or regulation;

(6) Calls attention to a rule of law or procedure apparently being overlooked or misinterpreted in more than one Army court-martial jurisdiction or judicial circuit; or

(7) Involves a matter of continuing military professional or public interest.

Opinions provided to West Publishing Company are also provided to Mead Data Central for the LEXIS research base and to Public Law Education Institute for the *Military Law Reporter* (see Fig. 11–8).

(b) Final determination whether an opinion will be reported is made by the Chief Judge in consultation with the judge responsible for the decision. A recommendation for or against reporting is made by the author of the majority or lead opinion and is voted on by each judge participating in the decision. The ballot is sent to the Chief Judge for final determination. See Figure 11–7 for the format used in panel decisions.

(c) Requests for reconsideration of a determination whether an opinion will be reported will be directed to the Chief Judge,

may be made by any judge, the Clerk of Court, or the chief of either appellate division, and may be oral or written.

(1) If reconsideration of a decision to report an opinion is proposed, the judge or party opposed to publication should so advise the Clerk so that the reporter may be informed to delay publication until the matter is resolved.

(2) When it is decided to publish an opinion previously unreported, five copies of the Memorandum Opinion will be reproduced with the words "Released for Publication on [date]" typed on the line below the date of the decision. Four of the five copies will be delivered to the Clerk of Court (JALS–CCZ) and one will be delivered to the Librarian, U.S. Army Legal Services Agency (JALS–ZXL. The Clerk will cause one copy to be filed in the original record of trial.

11–3. *Memorandum Opinions.*

(a) Memorandum Opinions (unreported opinions) differ from Opinions of the Court mainly in the limited manner in which the dispositive issues are discussed and in the abbreviated explication of the basis of the decision.

(b) As in the case of opinions recommended for reporting, the publication ballot form is submitted to the Chief Judge.

11–4. *The Decision Without Opinion.*

(a) The Decision (Figure 11–2) is used only when all approved findings of guilty and the approved sentence are affirmed without modification. Ordinarily, if any remedial action is necessary, including any modification of the convening authority's action, or if there is a dissent or separate concurrence, the opinion should be recast and denominated "Memorandum Opinion" so as to receive the wider distribution given those opinions.

(d) The decision without opinion signifies that all of the following conditions are present: The Court has determined that there was no error of substantive or procedural law in the proceedings below or that any error was waived or was harmless; all

controverted questions of fact or credibility that were resolved unfavorably to the accused below were resolved correctly; the weight and credibility of the evidence has been found sufficient in law and supports each approved finding of guilty beyond a reasonable doubt; the approved sentence has been found both correct in law and appropriate based upon the entire record; each point shown by the accompanying papers or pleadings to have been raised by the accused personally has been considered; and each issue raised by or on behalf of the accused has been determined nonmeritorious.

**11–5.** *Jurisdictional Statements and Decretal Paragraphs.*

(a) Jurisdictional statements contribute to the understanding and precedential value of opinions. Use of a jurisdictional statement is particularly important when the matter is other than appellate review pursuant to Article 66 of the Uniform Code of Military Justice. For examples, see Figure 11–6.

(b) When appellate review has been completed, the Court's decision ordinarily must be promulgated by the current convening authority in a supplementary court-martial order. Accordingly, the decision, which is to be set forth in one or more decretal paragraphs at the conclusion of the opinion, must be unmistakably clear implication indicate the author's vote on the approved findings and sentence or on the disposition of the case. Similarly, if a case is remanded by the Court, the terms of remanded by the Court, the terms of remand must indicate what courses of action must or may be followed below. The court may, in appropriate circumstances, order that the further proceedings at the court-martial jurisdiction level be assigned to a convening authority or military judge different from the one involved in the trial or initial action on the record.