# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**BLAS M. ESCAMILLA**
**PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS**

**NMCCA 201400168**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 20 December 2013.
**Military Judge:** LtCol C.J. Thielemann, USMC.
**Convening Authority:** Commanding General, 1st Marine
Logistics Group, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol E.J. Peterson,
USMC.
**For Appellant:** Maj John Stephens, USMC.
**For Appellee:** Maj Tracey Holtshirley, USMC; Capt Cory
Carver, USMC..

**23 April 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A general court-martial consisting of officer and enlisted
members convicted the appellant, contrary to pleas, of violating
a lawful general order by wrongfully distributing alcohol to
minors and committing a nonconsensual sexual act in violation of
Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C.

§§ 892 and 920.  The members sentenced the appellant to a reduction in pay grade to E-1, confinement for 235 days,[1] and a bad-conduct discharge.

The appellant raises two assignments of error: (1) the evidence was legally and factually insufficient to affirm a conviction for sexual assault and (2) the military judge erred by instructing the members about punitive measures that could have been taken against the appellant before the repeal of "Don't Ask, Don't Tell."

After carefully considering the pleadings of the parties and the record of trial, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.[2]  Arts. 59(a) and 66(c), UCMJ.

## Background

On 1 February 2013, the victim, Lance Corporal (LCpl) MH agreed to accompany the appellant, an openly homosexual fellow Marine, and other Marines to Oceanside to serve as a designated driver.  As the night wore on, the appellant and the victim, along with three other Marines, ended up in a local hotel where the Marines, including LCpl MH, continued to drink and socialize.  Eventually, the victim became "really drunk"[3] and laid down on one of the beds.  Moments later, the room emptied of everyone but LCpl MH and the appellant, who began giving LCpl MH a back massage.  LCpl MH acquiesced and did not resist as the appellant moved on to massaging LCpl MH's chest, stomach and legs.  The appellant then tried to kiss LCpl MH, but was pushed away.  When the appellant asked if he could perform oral sex on LCpl MH, LCpl MH replied "nah."[4]  Claiming that he believed that LCpl MH was playing "hard to get,"[5] the appellant rolled LCpl MH onto his back, lowered LCpl MH's jeans, and placed LCpl MH's penis in his mouth for about a minute.[6]

---

[1]  This period of confinement was equal to time served by the appellant in pretrial confinement.

[2] The appellant's 10 November 2014 Motion for Oral Argument is denied.

[3] Record at 793.

[4] *Id*. at 1118.

[5] *Id*. at 1086.

[6] *Id*. at 847.

At trial, LCpl MH was unable to recall every detail of the assault, but recalled that he "continue[d] to say no and tr[ied] to push him away"[7] while the appellant was attempting to expose LCpl MH's penis. Once the appellant began the sexual act, LCpl MH put a pillow over his own face "like when you want to scream"[8] and "hope[d] that it would just stop."[9] LCpl MH testified that at no time during the assault did he achieve an erection or consent to the activity. A moment after commencing the sexual act, the appellant heard the other Marines returning to the room so he ceased his activity and jumped into the empty bed. LCpl MH testified that he then took a shower and went back to sleep.

The following morning, the appellant and LCpl MH, along with one other Marine, returned to base, stopping for breakfast along the way. Later, the appellant had a falling out with a fellow-Marine, after which the latter contacted LCpl MH and asked him if he had ever been sexually assaulted by the appellant. LCpl MH responded in the affirmative but asked that she not tell anyone. The Marine nonetheless reported LCpl MH's comments to the command, an investigation ensued, and the appellant was eventually charged with a number of UCMJ violations, including assaulting and sexually assaulting other male Marines.[10] The specification relating to LCpl MH accused the appellant of committing a sexual act upon LCpl MH by "placing his mouth on [LCpl MH's] penis, by causing bodily harm to him, to wit: a nonconsensual touching of the said [LCpl MH's] penis."

Additional facts necessary for the resolution of the assignments of error are included below.

## Discussion

The appellant now claims that the evidence was legally and factually insufficient to support a conviction for sexually assaulting LCpl MH. Specifically, the appellant argues the evidence is insufficient to prove beyond a reasonable doubt that LCpl MH neither consented to the alleged assault nor that the appellant honestly and reasonably believed that LCpl MH consented.

---

[7] *Id*. at 797.

[8] *Id*. at 800.

[9] *Id*. at 801.

[10] The appellant was acquitted of all other charges.

The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, (1979); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).

The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having observed the witnesses, we ourselves are convinced of the appellant's guilt beyond a reasonable doubt. *Reed*, 54 M.J. at 41.

Mistake of fact as to consent requires that the appellant held an honest and reasonable belief that LCpl MH consented to the sexual contact. RULE FOR COURTS-MARTIAL 916(j)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Thus, there is both a subjective and objective component. *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011). Even if the appellant honestly believed that LCpl MH consented, that belief must be objectively reasonable or the defense fails. The Government bears the burden of disproving mistake of fact beyond a reasonable doubt. R.C.M. 916(b).

At trial, the appellant testified that the sexual encounter with LCpl MH was consensual. As a result, the military judge properly instructed the members that evidence of consent "may cause a reasonable doubt as to whether the accused cause[d] bodily harm to the alleged victim."[11] The military judge also correctly instructed the members that "mistake of fact as to consent is a defense" to the alleged assault against LCpl MH, how to apply this potential defense, and that the Government had the burden of proving beyond a reasonable doubt that "mistake of fact as to consent did not exist."[12]

The appellant now claims that "[i]t is simply unreasonable for the finder-of-fact to see the sexual encounter between [the appellant] and LCpl MH as anything other than an awkward, but consensual, homosexual encounter."[13] We disagree and begin by citing the black letter law: "The term 'consent' means a freely given agreement to the conduct at issue by a competent person. An expression of lack of consent through words or conduct means there is no consent." MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012

---

[11] *Id*. at 1164.

[12] *Id*. at 1166.

[13] Appellant's Brief of 22 Sep 2014 at 13.

4

ed.), Part IV, ¶ 45a(g)(8)(A).  There was ample evidence to establish that LCpl MH did not consent to the appellant's activity, including the appellant's own admission that LCpl MH said "nah" when the appellant asked if he could perform fellatio on LCpl MH.

We recognize that the testimony of LCpl MH and the appellant as to what happened that evening conflicted.  While LCpl MH testified that he did not consent to the sexual activity, the appellant claims that LCpl MH requested the massage, "had a smile on his face" during the massage[14]; that LCpl MH "picked up his hips" to assist the appellant with taking LCpl MH's jeans down[15]; and that LCpl MH then "put his left leg onto the floor" in preparation for receiving oral sex.[16]  We also note the appellant's contention that, the morning following the assault, LCpl MH chose to ride in the front of the car with the appellant, had breakfast with the appellant, and declined to report the assault until his hand was forced by a fellow Marine with an apparent axe to grind.  However, we are not persuaded that these events or testimony have the impact the appellant desires.

The Government's case stands upon the credibility of LCpl MH as opposed to that of the appellant. "[R]easonable doubt . . . does not mean the evidence must be free of conflict." *United States v. Goode*, 54 M.J. 836, 841 (N.M.Ct.Crim.App. 2001) (citation and internal quotation marks omitted).  In fact, members are free to believe one witness and disbelieve another. *United States v. Lepresti*, 52 M.J. 644, 648 (N.M.Ct.Crim.App. 1999).  The record reveals that the victim's testimony at trial was substantially consistent, appropriately detailed, and withstood quite vigorous cross-examination.  This fact, coupled with a recognition that the court members had the advantage of being able to personally see and hear the witnesses, leaves us convinced of the appellant's guilt beyond a reasonable doubt.[17]

---

[14] Record at 1087.

[15] *Id*. at 1091.

[16] *Id*. at 1092.

[17] Considering the evidence adduced at trial in the light most favorable to the Government, we also find that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt.

5

## Conclusion

The appellant's remaining assignment of error is without merit. *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992). The findings and approved sentence are affirmed.

For the Court


R.H. TROIDL
Clerk of Court

6