# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**MARCUS A. DANIELS JR.**
**PRIVATE (E-1), U.S. MARINE CORPS**

**NMCCA 201300459**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 19 September 2013.
**Military Judge:** LtCol Elizabeth Harvey, USMC.
**Convening Authority:** Commanding Officer, 3d Battalion, 7th Marines, 1st Marine Division (REIN), MCAGCC, Twentynine Palms, CA.
**Staff Judge Advocate's Recommendation:** LtCol D.R. Kazmier, USMC.
**For Appellant:** CAPT Bree Ermentrout, JAGC, USN.
**For Appellee:** LCDR Keith Lofland, JAGC, USN; LT James Belforti, JAGC, USN.

**28 April 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

On 19 September 2013, a military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of disrespect toward a superior commissioned officer (1 specification), insubordinate conduct toward a noncommissioned officer (10 specifications), provoking speech or gestures (10

specifications), disorder to the prejudice of good order and discipline (7 specifications), disorderly conduct (1 specification), and communicating a threat (1 specification), in violation of Articles 89, 91, 117, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 891, 917, and 934. The military judge sentenced the appellant to 1 year of confinement and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and suspended all confinement in excess of time served pursuant to a pretrial agreement.

On 23 June 2014, the appellant submitted his first assignment of error challenging the legal and factual sufficiency of the appellant's conviction, arguing the appellant may not be competent to participate in his appellate defense and that his mental condition may have existed at trial, if not at the time of enlistment. Following an inquiry ordered by this court and conducted in accordance with RULE FOR COURTS-MARTIAL 706, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), on 9 February 2015, the appellant submitted an additional assignment of error seeking relief from his bad-conduct discharge because it is inappropriately severe. After carefully considering the pleadings of the parties and the record of trial, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

On 9 December 2013, the record of trial was docketed with this court. On 22 January 2014, detailed appellate defense counsel submitted the case without specific assignment of error. On 14 April 2014, appellate defense counsel submitted a Non-Consent Motion to Stay Proceedings due to discovering that the appellant had been admitted to the inpatient psychiatric ward at the Walter Reed National Naval Medical Center (WRNNMC). Appellate defense counsel requested 30 days to "investigate further and determine Appellant's state of mind [and] to contact treating physicians to determine whether Appellant can conduct a defense." The Government opposed the requested stay.

On 14 April 2014, this court ordered a stay of appellate review until 23 May 2014 or an earlier date if appellate defense counsel informed the court that the stay was no longer necessary. On 27 May 2014, this court granted the Appellant's Motion to Withdraw Merit Submission and further granted his request for an enlargement of time to file assignments of error

2

until 22 June 2014.  Finally, on 27 May 2014, this court granted the appellant's Nonconsent Motion to attach an unsworn declaration of Lieutenant Commander Benjamin R. Hershey, Medical Corps, USN, the appellant's treating psychiatrist at WRNNMC.  In his declaration, Dr. Hershey explains that the appellant's recently diagnosed illness "may have caused disturbances in [the appellant's] thinking, emotions and behavior that led directly to his misconduct" and that "[d]ue to his current difficulties . . . he can't currently participate meaningfully in his defense."[1]

On 17 June 2014, appellate defense counsel filed a Non-Consent Motion for *DuBay* Hearing and the Government filed its formal opposition on 24 June 2014.  In the motion, appellate defense counsel cites Dr. Hershey's letter and requests that this court order a mental competency hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967).  In its opposition, the Government provides that in light of Dr. Hershey's letter, "the United States does not oppose additional factfinding to establish Appellant's competency."[2]  On 23 June 2014, appellate defense counsel submitted the appellant's Brief and Assignments of Error arguing that in light of the appellant's recently diagnosed illness, this court should set aside the findings and sentence or, at a minimum, stay proceedings pending the outcome of a *DuBay* hearing.

This court denied the motion for a *DuBay* hearing but returned the record of trial to the Judge Advocate General for delivery to an appropriate authority, who then may either set aside the findings and sentence and dismiss the charges and specifications, or refer the matter to a board that will conduct such medical investigation as it deems necessary to comply with this order, proceeding in accordance with R.C.M. 706.

The matter was referred to a 706 Board (the Board) which produced it full report on 29 December 2014.  The matter was returned to this court and the appellant sought to attach the Board's full report to the record.[3]  In its report, the Board opines that although the appellant now suffers from a mental illness, he did not have a severe mental disease or defect at

---

[1] Motion to Attach of 19 May 2014 at 4.

[2] Appellee's Response of 24 Jun 2014 at 2.

[3] Although the appellant's initial request to attach the Board's full report ("Long Form") was denied, upon reconsideration, that motion is granted.

3

the time the misconduct was committed; that at the time of trial the appellant was able to cooperate intelligently in his own defense; and that the appellant was currently able to understand and cooperate in his appellate defense.

Additional facts necessary for the resolution of the assignment of error are included below.

**Discussion**

The appellant argues that his misconduct, consisting of violations while in the Navy Brig, was an early manifestation of his illness. This argument is based upon the opinion of his treating psychiatrist, who declared:

> [the appellant's] severe mental illness may have caused disturbances in his thinking, emotions and behavior that led directly to his misconduct in the USMC. This opinion is based in part on his mother's contention that the reported misconduct was uncharacteristic of PVT Daniels before the onset of his illness and in part on the nature of how [illness] presents over time. It should be noted that individuals with [this illness] routinely manifest more minor symptoms of their illness several months to years before the full onset of symptoms occurs, at which point it becomes clearly evident that the individual has a severe mental illness.[4]

Therefore, the appellant argues that since his behaviors were likely the result of his eventual illness, this court should exercise its authority under Article 66(c) and disapprove the bad-conduct discharge.[5] This is especially so since the military judge placed on the record that her decision to award 1 year of confinement was based in part on the fact that the appellant laughed and seemed entertained as the specifications were described and as the trial counsel argued for an appropriate sentence.

---

[4] Appellant's Brief of 9 Feb 2015 at 6. Dr. Hershey was not a member of the Board.

[5] The appellant's assignment of error is limited to the severity of his sentence. He does not argue, and considering the thorough 706 Board conducted in this case, we do not find that his pleas were improvident.

4

**Sentence Appropriateness**

This court reviews sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Under Article 66(c), UCMJ, a military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180—81 (C.M.A. 1959)).

Following our review of the entire record, we find that the sentence is appropriate under the circumstances. While we give due consideration to Dr. Hershey's opinion, we also note the comprehensive evaluation of the Board, which took place well over 1 year later and after the appellant had been treated such that he was showing "few if any symptoms" of mental illness.[6] During that evaluation, the Board interviewed the appellant, who stated that at the time of his misconduct, he "knew what he was doing when he was being disruptive and that he wanted to be disruptive."[7] He denied any paranoid ideation or delusional thoughts about the brig staff. Instead, he just had "'a bad attitude and didn't care anymore.'"[8] When asked specifically about his misconduct in each specification, the appellant replied that he was "just playing around," that the brig staff had "a bunch of punks," and that he simply didn't want to follow their orders.[9] The Board also noted that, during its interview, the appellant "smiled several times when he was read several of the charges and specifications as if amused by his reported disrespectful comments."[10]

---

[6] Report of 706 Board ICO Pvt Marcus Daniels, dtd 29 Dec 2014 at 29.

[7] *Id.* at 10.

[8] *Id.*

[9] *Id.* at 10, 11.

[10] *Id.* at 22.

5

## Conclusion

Notwithstanding the appellant's eventual diagnosis, and based upon our review of the entire record, we conclude that the approved sentence is appropriate under the circumstances. The findings and sentence as approved by the CA are affirmed.[11]

For the Court

R.H. TROIDL
Clerk of Court

---

[11] We have considered the appellant's first AOE and find that it lacks merit. *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992).