# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————————

### No. 201600109

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### MARK A. TAMBURELLO
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Michael D. Zimmerman, USMC.
For Appellant: Major Benjamin A. Robles, USMC.
For Appellee: Lieutenant Taurean K. Brown, JAGC, USN; Major
Cory A. Carver, USMC.

———————————————

Decided 17 November 2016

———————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

At a contested general court-martial, officer and enlisted members convicted the appellant of a sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012). The members sentenced the appellant to six months' confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority approved the sentence as adjudged.

In the sole assignment of error, the appellant avers that the military judge erred in the findings instructions. Without objection at trial, the military judge instructed the members, in part, "If, based on your

consideration of the evidence, you are firmly convinced that the accused is guilty of the crime charged, you must find him guilty." Record at 221, 548. We found no error in the use of the same challenged reasonable doubt instruction in *United States v. Rendon*, __ M.J. __, No. 201500408, 2016 CCA LEXIS 643, at *26 (N-M. Ct. Crim. App. 1 Nov 2016), and in accordance with that holding, we summarily reject the appellant's assignment of error here. *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992).

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court