*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, LAWRENCE, and GASTON,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Tara E. Hudson**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201800138**

Decided: 23 October 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judges: Lieutenant Colonel R. D. Merrill, USMC (arraignment); Lieutenant Colonel R. Mattioli, USMC (motions and trial). Sentence adjudged 7 December 2017 by a special court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to pay grade E-1, confinement for eight months, and a bad-conduct discharge.

For Appellant: Lieutenant Jeremy J. Wall, JAGC, USN.

For Appellee: Lieutenant Jonathan Todd, JAGC, USN; Major Kelli A. O'Neil, USMC.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

The appellant was found guilty by a military judge, contrary to her pleas, of three specifications of unauthorized absence, two specifications of disrespect toward a superior commissioned officer, five specifications of contempt toward a superior non-commissioned officer, one specification of disobeying a superior non-commissioned officer, and one specification of making a false official statement, in violation of Articles 86, 89, 91, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 889, 891, and 907 (2016).

The appellant asserts three assignments of error: (1) her convictions are legally and factually insufficient because the government's witnesses were biased against her; (2) the military judge erred in denying in part her Article 13, UCMJ, motion for unlawful pretrial punishment; and (3) her sentence is inappropriately severe given that her offenses were all military-specific and are normally handled administratively. All three assignments of error are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Having carefully considered the assignments of error, we find them to be without merit. *See United States v. Clifton,* 35 M.J. 79 (C.M.A. 1992); *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987), *cert. denied*, 485 U.S. 968 (1988).

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59 and 66, UCMJ. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court