UNITED STATES, Appellee,

v.

Mark E. GRIGGS, Religious Program
Specialist Second Class, U.S.
Navy, Appellant.

No. 98–1076.
Crim.App. No. 97–0553.

U.S. Court of Appeals for
the Armed Forces.

Argued May 13, 1999.

Decided Sept. 9, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Lieutenant Commander Linda J. Lofton,* JAGC, USN (argued); *Lieutenant J.L. Eichenmuller,* JAGC, USNR.

For Appellee: *Captain Danny R. Fields,* USMCR (argued); *Colonel Kevin M. Sandkuhler,* USMC, *Commander Eugene E. Irvin,* JAGC, USN, and *Lieutenant James E. Grimes,* JAGC, USNR (on brief).

Judge EFFRON delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by a special court-martial composed of officer members of indecent exposure (4 specifications) and taking indecent liberties (1 specification), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The

convening authority approved the sentence but waived the automatic forfeitures mandated by Article 58b, UCMJ, 10 USC § 858b, with a provision that they be paid to the accused's wife. The Court of Criminal Appeals affirmed these results.

On appellant's petition, we granted review of the following issues:

I. WHETHER THE MILITARY JUDGE ERRED BY ADMITTING TESTIMONY REGARDING PRIOR UNRELATED ALLEGATIONS OF MISCONDUCT FOR WHICH APPELLANT HAD BEEN PREVIOUSLY TRIED AND ACQUITTED.

II. WHETHER THE GOVERNMENT FAILED TO PROVE, BEYOND A REASONABLE DOUBT, THAT APPELLANT WAS GUILTY OF INDECENT EXPOSURE OR INDECENT LIBERTIES WITH A CHILD.

We affirm.

## I. FACTS

The charges in this case arise from three incidents that occurred during a single week at Naval Air Station—Joint Reserve Base, Fort Worth, Texas. In each incident, appellant was in the base chapel where he served as a Religious Program Specialist Petty Officer Second Class. In each incident, appellant appeared before his victim with his trouser fly open while wearing no underwear. Each time, he positioned himself before his intended victim so as to maximize exposure of his genital area, either by leaning back in a chair or pew with his knees spread apart or by standing with one foot on a step. At trial appellant argued that these exposures were accidental.

## II. EVIDENCE OF UNCHARGED PRIOR MISCONDUCT

Three years prior to the court-martial at issue in this case, appellant was tried by special court-martial on charges that he had exposed himself to and masturbated in front of a woman, Ms. C, at his previous duty post

in Brawdy, Wales. He was acquitted of those charges.

At the court-martial that is the subject of the present appeal, the Government sought to introduce the testimony of Ms. C regarding the prior incident as evidence of "intent and absence of mistake." *See* Mil. R. Evid. 404(b), Manual for Courts–Martial, United States (1998 edition).* The military judge ruled that the testimony was admissible for the offered purposes and that the probative value of the evidence was "not outweighed by the danger of *unfair* prejudice." The Court of Criminal Appeals held that the judge did not abuse his discretion in admitting the testimony because there was "more than a passing similarity" between the prior "conduct in Brawdy, Wales and" the conduct "in the Texas chapel" at issue in the present case. Unpub. Op. at 4.

In this appeal, appellant contends that admission of Ms. C's testimony was error because the testimony should have been barred by Mil.R.Evid. 403 (exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time) and Mil.R.Evid. 404(b) (exclusion of evidence of other crimes, wrongs, or acts). Because the incident at issue in the prior trial involved both indecent exposure and masturbation and the incidents at issue in the present case involved only indecent exposure, appellant argues that there was not a sufficient "nexus" between the two sets of incidents to support admission of Ms. C's testimony under any of the exceptions to Mil.R.Evid. 404(b). In addition, appellant contends that the lack of a strong nexus between the alleged circumstances surrounding the incidents resulted in a low probative value that was outweighed by the high risk of unfair prejudice.

 We are satisfied that the military judge did not abuse his discretion. The fact of an acquittal does not necessarily bar the evidence of prior acts. *Dowling v. United States*, 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) ("[R]elevant and probative evidence that is otherwise admissible under the Rules of Evidence [is not rendered inadmissible] simply because it relates to al-

* The cited version of all Manual provisions is unchanged from the version applicable at trial.

leged criminal conduct for which a defendant has been acquitted."). *Cf. United States v. Munoz*, 32 MJ 359, 363–64 (CMA) (uncharged misconduct admitted as proof of plan), *cert. denied*, 502 U.S. 967, 112 S.Ct. 437, 116 L.Ed.2d 456 (1991). The military judge determined that there was sufficient evidence that the prior acts occurred, and he applied the appropriate Mil.R.Evid. 403 balancing test. There is a need for great sensitivity when making the determination to admit evidence of prior acts that have been the subject of an acquittal. The military judge exercised due sensitivity in the present case. The record reflects that the members were made aware of appellant's prior acquittal. A Stipulation of Fact (prosecution exhibit 1) regarding the acquittal was presented to the members as evidence. During the questioning of the alleged victim of the prior incident, the military judge ensured that the scope of the questioning was limited to a statement that there was an acquittal. The military judge expressly mentioned the acquittal in his instructions regarding stipulations and in his limiting instructions. Under these circumstances, it was not an abuse of discretion for the judge to allow the testimony.

Even if there was error in the decision to admit the evidence of the prior acts, admission of Ms. C's testimony was not prejudicial under Article 59(a), UCMJ, 10 USC § 859(a). The acts alleged at this court-martial were well supported by the testimony of three victims who described very similar incidents of indecent exposure by appellant. In light of the overwhelming evidence that appellant had committed the acts with which he was charged, any error was harmless.

### III. LEGAL SUFFICIENCY OF THE EVIDENCE

■ Appellant also contends that the evidence was not legally sufficient to support his conviction. When considering sufficiency of the evidence, this Court must determine "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 MJ 324 (CMA 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

The elements of the offense of indecent exposure are:

(1) That the accused exposed a certain part of the accused's body to public view in an indecent manner;

(2) That the exposure was willful and wrongful; and

(3) That, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 88b, Part IV, Manual, *supra*.

Appellant argues that the evidence was not sufficient to show that he exposed himself because two of the witnesses did not specifically observe his genitalia. He also argues that there was no evidence that he willfully exposed himself. As the Court of Criminal Appeals noted, the victims testified that appellant positioned his body in each instance with his pants unzipped and wearing no underwear, so that his genital area was clearly exposed. A reasonable factfinder could have concluded that appellant intentionally exposed himself to each of the victims in an indecent manner. That is sufficient to meet the test of *Jackson v. Virginia, supra*.

### IV. CONCLUSION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.