# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS,[1] and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant AARON L. BRIDGES**
**United States Army, Appellant**

ARMY 20120714

Headquarters, I Corps (Rear)(Provisional)
Kwasi Hawks, Military Judge (arraignment)
David L. Conn, Military Judge (motions hearing & trial)
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate (pretrial)
Colonel William R. Martin, Staff Judge Advocate (post-trial)

For Appellant:  Mr. Charles D. Swift, Esquire; Captain Robert H. Meek, III, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Major Daniel M. Goldberg, JA (on brief).


27 July 2015

----------------------------------
OPINION OF THE COURT
----------------------------------

KRAUSS, Judge:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of wrongful sexual contact, forcible sodomy, and assault consummated by a battery in violation of Articles 120, 125, and 128 Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925 and 928 (2012) [hereinafter UCMJ].[2]  The court-martial sentenced appellant to a dishonorable discharge, confinement for 6 years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The

---

[1] Senior Judge LIND and Judge KRAUSS took final action in this case prior to their retirement.

[2] Appellant was convicted of sexual offenses involving two victims.

convening authority reduced the sentence to confinement by two months, approving seventy months of confinement, but otherwise approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant assigns three errors and raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant's complaint relative to the use of a prior act of misconduct against him warrants brief discussion and relief. We find that appellant's remaining complaints, including those raised pursuant to *Grostefon*, do not warrant relief.

## DISCUSSION

What we have in this case is a noncommissioned officer (NCO) who exploited his position in a Warrior Transition Battalion to seek sexual gratification from not only those suffering the trauma of wounds, his co-workers, but also from their families. The case would not be complicated in terms of appellate review except for the fact that the United States relied in merits and sentencing, in part, upon a fifteen-year old allegation of rape against appellant that had been subject to trial and resulted in acquittal.

Appellant objected to its admission and requested that, if admitted, the military judge should "include a strongly worded limiting instruction to guard against the problems associated with propensity evidence." In support of this request, appellant made reference to and quoted from *United States v. Mundell*, 40 M.J. 704 (A.C.M.R. 1994), endorsing an instruction to the panel that he had previously been acquitted of the charge. The judge denied appellant's motion and admitted the evidence of the prior allegation as propensity evidence, evidence of modus operandi, and evidence of absence of accident or mistake under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413 and 404(b). In his ruling, he also prohibited any reference to the previous court-martial "[t]o minimize the danger of any unfair prejudice to the accused," but never informed or instructed the panel that appellant had been acquitted on that allegation.

The initial difficulty lies in the fact that the military judge's analysis of the acquitted charge essentially began and ended with the recognition that a prior acquittal on a charge of sexual assault does not bar subsequent admission of the same allegation under Mil. R. Evid. 413. While this is correct, it serves only as introduction to the more nettlesome problem of considering the acquittal in weighing the probative value of the propensity evidence against any unfair prejudice that may result from its admission. *See United States v. Wright,* 53 M.J. 476 (2000). As appellant points out and our superior court noted in a similar circumstance, "There is a need for great sensitivity when making the determination to admit evidence of prior acts that have been the subject of an acquittal." *United States v. Griggs*, 51 M.J. 418, 420 (C.A.A.F. 1999). More recently, our superior court reiterated its

2

expectation that judges deal with the admission of evidence previously the subject of an acquitted charge very carefully. *See United States v. Solomon*, 72 M.J. 176 (C.A.A.F. 2013).

Here, the judge failed to consider the fact that after a fair trial appellant was found not guilty of the prior charge when evaluating its probative value under Mil. R. Evid. 403. In failing to address the propriety of informing the panel of that acquittal, the judge also did not consider the danger of unfair prejudicial confusion over the extent to which a panel might consider the evidence without running an unacceptable danger of convicting or punishing appellant for a charge that resulted in appellant's acquittal. Instead, the judge seems to have considered the only potential prejudice to appellant to be that of mentioning the prior acquittal.

Contrary to the judge's reasoning at trial here, both the Supreme Court and the Court of Appeals for the Armed Forces have expressed approval and satisfaction with admission of such evidence as long as the judge carefully instructed the panel that the accused in each case had been acquitted on a charge of the same allegation and the necessity to conscientiously limit consideration of that evidence accordingly. *United States v. Dowling*, 493 U.S. 342, 348-49 (1990); *Solomon*, 72 M.J. at 182; *Griggs,* 51 M.J. at 420. Indeed, in this case, the panel posed questions during the findings portion wondering what became of the allegation first levied fifteen years ago. The judge only permitted testimony to the effect that a formal report was made but otherwise left the panel hanging by not informing them of the not guilty finding.

The government effectively concedes this error and makes reference to *United States v. Cuellar*, 27 M.J. 50, 56 (C.M.A. 1988), for the proposition that the judge should not prevent an accused from ensuring a panel is informed that he was acquitted when tried for the prior misconduct. We agree with appellant and the government that the judge erred by failing to properly consider the effect of the acquittal when resolving admission of the evidence under Mil. R. Evid. 413 and 403, and further erred, in light of its admission, by failing to inform and instruct the panel of the acquittal accordingly. Therefore we must test for prejudice. *See Griggs,* 51 M.J. at 420.

As to findings, we find little trouble in resolving the question against appellant. Despite the judge leaving the panel wondering and the government's reliance on the propensity evidence to argue "[H]ow else do we know that some of these crimes were committed? Because he's done it before," with underlined reference to the alleged victim of the acquitted charge, appellant essentially admitted to the acts of charged misconduct resulting in his convictions. Those admissions, in conjunction with the credible testimony of the victims describing the charged acts, convince us that the erroneous admission of the prior rape allegation, and failure to instruct the panel properly, did not substantially influence the findings. *Id*.

3

As to the sentence, we come to a different conclusion. Though the judge provided a standard instruction advising the panel that appellant should only be punished for the crimes for which he was found guilty, such instruction was insufficient under the circumstances of this case. As described above, the panel already expressed curiosity as to the outcome of the previous allegation and the government argued in findings that the panel could be confident that appellant committed the charged acts because he had done it before. In sentencing, though the government referred to three victims, trial counsel argued that appellant required severe punishment in the form of lengthy confinement because "he's going to do it again. . . [h]e is predisposed to sexual assault. It's wired in his identity." Absent appropriate instruction to ensure the panel conscientiously avoided punishing appellant for the alleged crime of which he was previously acquitted, we cannot be confident that the sentence was not substantially influenced by this evidence. *See Griggs,* 51 M.J. at 420*; Solomon,* 72 M.J. at 182*; see also United States v. Schroeder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (discussing generally the risk that an accused may be punished for uncharged conduct).

On the basis of the error, the entire record, and applying the factors in *United States v. Winckelmann*, we conclude we can reassess appellant's sentence. 73 M.J. 11, 15-16 (C.A.A.F. 2013). We note there is no change in the penalty landscape or exposure. *See Id*. The gravamen of the offenses has not changed because appellant remains convicted of all of the items originally charged. *See Id*. at 16. We recognize that appellant was sentenced by a panel. *See Id*. Nonetheless, this court reviews the records of a substantial number of courts-martial involving assaults and sexual offenses and we have extensive experience and familiarity with the level of sentences imposed for such offenses under various circumstances. In light of the aggravated nature of the misconduct involving a NCO exploiting victims at and from his workplace, we are confident that absent the error the panel would have sentenced appellant to at least a dishonorable discharge, confinement for four years, total forfeiture of all pay and allowances, and reduction to the grade of E-1.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for four years, total forfeiture of all pay and allowances and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge LIND and Judge PENLAND concur.

4



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court