*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, GASTON, and STEWART
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Matthew W. FAUS**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201900063**

Decided: 27 August 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Jeffrey V. Munoz (arraignment)
John L. Ferriter (motions and trial)

Sentence adjudged 13 October 2018 by a general court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of officer and enlisted members. Sentence approved by the convening authority: reduction to pay grade E-1, confinement for five years, and a dishonorable discharge.

For Appellant:
*Ms. Catherine K. Cherkasky, Esq.*
*Lieutenant Commander Kevin R. Larson, JAGC, USN*

For Appellee:
*Lieutenant Kimberly Rios, JAGC, USN*
*Lieutenant Commander Timothy Ceder, JAGC, USN*

Chief Judge Emeritus CRISFIELD delivered the opinion of the Court, in which Senior Judge GASTON and Judge STEWART joined.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

CRISFIELD, Chief Judge Emeritus:

Appellant was convicted, contrary to his pleas, of two specifications of assault consummated by a battery, one specification of child endangerment, and three specifications of communicating a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 928, 934 (2012 & Supp. III 2016).

Appellant raises three assignments of error [AOE]: (1) the military judge abused his discretion when he failed to declare a mistrial following the trial counsel's rebuttal argument; (2) Appellant's sentence is inappropriately severe; and (3) the military judge abused his discretion in refusing to grant Appellant's motion under Military Rule of Evidence 412 to offer into evidence certain text messages between Appellant and one of his victims.[1]

After careful consideration of the record of trial and the pleadings of the parties, we find no prejudicial error and affirm.

## I. BACKGROUND

Appellant's convictions arise out of his relationships with his wife, A.M.F., and a girlfriend, C.S. Appellant squeezed A.M.F.'s neck with his hands while she was holding their infant child. That incident was the basis for charges of aggravated assault—with a means or force likely to produce death or grievous bodily harm—and child endangerment. Appellant was acquitted of this

_____

[1] AOE (3) is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Having carefully considered that assignment of error, we find it to be without merit. *See United States v. Clifton,* 35 M.J. 79, 81 (C.M.A. 1992); *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987), *cert. denied*, 485 U.S. 968 (1988).

aggravated assault, but convicted of the lesser included offense of assault consummated by a battery, as well as child endangerment.

After A.M.F. separated from him, Appellant started a relationship with C.S. In the course of that relationship Appellant unlawfully grabbed C.S. around her torso and threatened to kill her, police officers, and two identified men whom Appellant believed to be dating C.S. These actions were the basis for charges of aggravated assault and communicating threats to kill multiple individuals. Appellant was acquitted of aggravated assault against C.S., but convicted of its lesser included offense of assault consummated by a battery. He was also convicted of three specifications of communicating a threat.

In addition to the charges described above, he was charged with, but acquitted of, rape, sexual assault, another aggravated assault, and two other assaults consummated by a battery against C.S.; rape and aggravated assault against a third alleged victim; and rape against a fourth alleged victim.

The trial counsel made closing and rebuttal arguments, accompanied by a PowerPoint presentation, that included multiple statements that drew objections from the civilian defense counsel, many of which the military judge sustained. At one point, the military judge sua sponte interrupted the trial counsel's argument to provide the following curative instruction:

> To the extent trial counsel's argument could be interpreted as commenting or rendering an opinion on evidence in other prosecutions, that must be disregarded by you. You must rely on the testimony and evidence in this case only during your deliberations.[2]

In his general instructions to the members prior to their deliberations, the military judge again addressed the trial counsel's comments:

> I previously provided you with an instruction in this regard, but I'm going to amplify it now and reiterate it to you.

> During trial counsel's closing argument and rebuttal argument, he made statements that could be interpreted, one, that he was expressing his personal decision or opinion to you about the evidence and what your decision in this case should be. To the extent that that was the way it was perceived by you, it must be completely disregarded. Okay? Trial counsel argues on

---

[2] R. at 1335.

behalf of the prosecution, but his personal opinion or belief is completely irrelevant to your deliberations.

. . . .

The second is similar to what I already advised you, is that to the extent any of his comments or argument could be interpreted that he was providing you with information or opinions about any other prosecutions that have ever occurred, that, likewise, is completely irrelevant to your deliberations and must be completely disregarded by you.[3]

As the members were deliberating, Appellant moved for a mistrial for prosecutorial misconduct during the trial counsel's closing and rebuttal arguments. In litigating the motion, Appellant's civilian defense counsel proposed an alternative remedy to a mistrial: "[A]s an alternative, I would suggest perhaps instructing them to disregard his entire closing, his entire closing statement because it's littered throughout his closing statement, blurring the lines of *Hills*."[4]

The civilian defense counsel also requested that the military judge interrupt the members' deliberations to provide further curative instructions to address specific comments made by the trial counsel. The military judge agreed, called the members back to the courtroom, and instructed them:

There's something I need to address with you, and it is in the vein of a couple of instructions I've already provided to you; specifically, about three minutes before you went into your deliberations, I gave you instructions, in general terms, about some of the comments made by the prosecutor during closing argument.

I now draw your attention to three specific statements, and I don't have them verbatim, but this is close to what was said, that you must disregard in their entirety and you cannot consider for any reason or any of the inferences that you think could be drawn from them.

First, words to the effect that "Matt Faus is an iceberg of misconduct." You must disregard that in its entirety and not draw any inferences from it.

---

[3] *Id.* at 1411.

[4] *Id.* at 1424.

Second, "NCIS finds misconduct everywhere they look." You must disregard that in its entirety and not draw any inferences at all from that statement.

And, third, "at least four women have accused Sergeant Faus of these charges." You must disregard that in its entirety and not draw any inferences whatsoever from that statement.

Is there any member who is unable to comply with my instruction?

Negative response from the members.[5]

Around two and a half hours later the military judge determined that he would grant the Defense its alternative remedy. He brought the members back into the courtroom and instructed them:

I understand you are in the middle of your deliberations on findings, and I hesitate to interrupt them, yet again, but I find it to be required under the circumstances.

I need to remind you of the following instructions that I previously provided to you:

Number one, arguments of counsel are not evidence in this case. Argument is made by counsel to attempt to assist you in understanding and evaluating the evidence, but you must base the determination of the issues in this case on the evidence as you remember it and apply the law as I instruct you.

Two, only matters properly before the Court as a whole should be considered by you. The final determination as to the weight or significance of the evidence and the credibility of witnesses in this case rests solely upon you.

I find that several of the references made during the government's closing and rebuttal arguments were improper. While I already sustained multiple objections during the course of the argument and previously provided you with instructions in that regard, I find that further remedy is required. Allowing you to proceed with your deliberations without giving you this additional instruction would not be in the interests of a fair and just proceedings.

---

[5] *Id.* at 1428.

At this point, *I'm directing you to completely disregard the prosecution's closing argument in its entirety.* Your deliberations are carried out in secrecy for a variety of reasons under the law. However, under these circumstances, *to the extent that your deliberations have at any point referenced arguments made by the prosecution, either in their closing argument or rebuttal argument, those deliberations must be disregarded by you*, and they cannot be part of your deliberative process on determinating [sic] the findings in this case.

Is there any member who is not able to comply with these additional instructions?

That is a negative response from the members.[6]

After the members returned to their deliberations, the military judge advised the parties in a subsequent Article 39(a), UCMJ, session that he had not yet made a determination on the mistrial motion, but had instructed the members to disregard the trial counsel's argument because additional instructions would have a diminishing effect the longer the members deliberated. Appellant's civilian defense counsel requested that the military judge "hold off your ruling on the motion for mistrial until we receive a verdict."[7]

After the members announced their findings, acquitting Appellant of the majority and most serious of the charged offenses, Appellant's civilian defense counsel requested and was granted time to consult with Appellant about their motion for a mistrial. After this consultation, the civilian defense counsel informed the military judge, "The motion I previously made for a mistrial, after consulting with my client, based upon the findings, we are withdrawing the motion for mistrial."[8] The military judge responded, "Very well," and did not rule on the motion.[9]

Additional facts necessary to resolve the AOEs raised are addressed below.

---

[6] *Id.* at 1428-29 (emphasis added).

[7] *Id.* at 1432.

[8] *Id.* at 1440.

[9] *Id.*

## II. DISCUSSION

### A. Appellant Waived His Motion for a Mistrial

Appellant asserts that the military judge abused his discretion by failing to order a mistrial following the members' announcement of the findings. We disagree.

"The military judge may, as a matter of discretion, declare a mistrial when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings." Rule for Courts-Martial [R.C.M.] 915(a). However, "[t]he power to grant a mistrial should be used with great caution, under urgent circumstances, and for plain and obvious reasons." R.C.M. 915(a), Discussion. As our superior court has explained,

> a mistrial is an unusual and disfavored remedy. It should be applied only as a last resort to protect the guarantee for a fair trial or where the military judge must intervene to prevent a miscarriage of justice. Because of the extraordinary nature of a mistrial, military judges should explore the option of taking other remedial action, such as giving curative instructions.

*United States v. Short*, 77 M.J. 148, 150 (C.A.A.F. 2018) (citations and internal quotation marks omitted). To that end, the rule requires that "[o]n motion for a mistrial or when it otherwise appears that grounds for a mistrial may exist, the military judge *shall inquire into the views of the parties on the matter . . . .*" R.C.M. 915(b) (emphasis added).

Here, Appellant's trial defense counsel moved for a mistrial due to improper comments made during the Government's closing arguments, many of which the military judge had already addressed through curative instructions after previously sustaining the Defense's objections to them. In litigating the mistrial motion, Appellant's counsel requested, as alternative remedies, first that the military judge issue curative instructions regarding some of the trial counsel's statements and subsequently that he take the extraordinary step of instructing the members to disregard the Government's closing and rebuttal arguments in their entirety. During the members' deliberations, the military judge granted these remedies and so instructed the members. Even so, the military judge notified the parties he was still weighing whether more should be done, and on hearing this, Appellant's defense counsel specifically requested that the military judge delay any further decision on the mistrial motion until after findings were announced. After that announcement—resulting in Appellant's acquittal of the vast majority and most serious of the 16 specifications—and after consultation with Appellant, Appellant's counsel

notified the military judge he was withdrawing his mistrial motion. Upon receiving and acknowledging the Defense view that it did not desire any further action on the matter, the military judge issued no ruling on the withdrawn motion.

We find waiver on these facts. "Whether an appellant has waived an issue is a legal question that this Court reviews de novo. Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (citations and internal quotation marks omitted). Appellant essentially argues that the military judge should have overridden Appellant's own considered decision, in consultation with his trial defense counsel, to withdraw his own mistrial motion. Appellant does not explain his about-face, merely stating: "Sgt Faus' decision to withdraw the motion for a mistrial after the findings should not prohibit him from receiving relief for the obvious and uncontroverted misconduct on the part of the prosecutor."[10]

By affirmatively withdrawing his motion for mistrial, after specifically consulting on the issue with his trial defense counsel, Appellant intentionally relinquished and abandoned a known right. Appellant made this decision after the issue of the Government's closing and rebuttal arguments was litigated in detail and the Defense had obtained (1) its requested alternative remedy (*i.e.*, the military judge's instruction to the members to disregard the entirety of the Government's closing arguments); (2) a delay of any mistrial ruling until after findings were reached; and (3) favorable findings from the members acquitting Appellant of the majority and most serious of the charges against him. We decline to review such waived issues because a valid waiver leaves no error to correct on appeal. *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017).

Even if not waived, this issue would merit no relief. We have recently implored military judges to take quick action sua sponte to stop improper conduct by trial counsel—irrespective of whether it appears intentional or inadvertent. *United States v. Nichol*, No. 201800286, 2020 CCA LEXIS 178, at *14 (N-M. Ct. Crim. App. May 28, 2020) (unpub. op.). In this case, the military judge did just that: he addressed the Government's improper arguments as they arose, sustained objections where appropriate, and issued curative instructions. He then gave due consideration to the Defense motion

---

[10] Appellant's Brief at 13.

for mistrial, inquired into the views of the parties on the matter, granted the Defense's requests for multiple forms of alternative relief, and ultimately acceded to Appellant's stated desire to delay and then abandon any right to a mistrial once findings were announced. The military judge's proactive oversight throughout these proceedings was fully consistent with his "sua sponte duty to insure that [the] accused receive[d] a fair trial," *United States v. Watt*, 50 M.J. 102, 105 (C.A.A.F. 1999) (citation and internal quotations omitted). His decision to not override Appellant's considered decision to withdraw his motion for a mistrial was proper and not an abuse of discretion.

## B. Appellant's Sentence is Appropriate

Appellant asserts that his sentence of reduction to paygrade E-1, five years' confinement, and a dishonorable discharge is inappropriately severe. We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395-97. Despite our significant discretion in determining sentence appropriateness, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant was convicted of physically assaulting two women. He was also convicted of child endangerment by culpable negligence in connection with one of those assaults due to the fact that his victim was holding their infant child while he was assaulting her. He was also convicted of three specifications of communicating threats to kill and injure multiple people. After the military judge merged two of the specifications for sentencing purposes, the maximum sentence Appellant could have received for all these offenses was reduction to paygrade E-1, total forfeitures of pay and allowances, eight years' confinement, and a dishonorable discharge.

We find that a dishonorable discharge was an appropriate punishment for Appellant's serious criminal misconduct. We also find that five years' confinement, constituting 63% of the maximum authorized, is appropriate, in light of not only his acts of violence against multiple victims, but also the many threats to kill multiple people that he intentionally communicated in an extraordinary series of text and phone messages that were saved by C.S. His sentence is not inappropriate.

**C. The Convening Authority's Action**

The Convening Authority's Action's description of confinement credit is incomplete. It notes that Appellant is entitled to 255 days of pretrial confinement credit, but omits the fact that the military judge awarded Appellant an additional 28 days of credit in accordance with R.C.M. 305(k). This additional credit is accurately reported in the Report of Results of Trial (DD Form 2707-1).

## III. CONCLUSION

The findings and sentence are **AFFIRMED.** The supplemental court-martial order will reflect that Appellant was awarded 28 days of additional confinement credit pursuant to R.C.M. 305(k).

Senior Judge GASTON and Judge STEWART concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court